IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ANTHONY PATRICK REED, | CV 13–17–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| DOUG LIEURANCE, in his individual capacity; BRIAN GOOTKIN, in his individual capacity; GALLATIN COUNTY SHERIFF'S OFFICE, a department of Gallatin County; and GALLATIN COUNTY, | |
| Defendants. | |

In May 2012, Defendant Doug Lieurance ("Deputy Lieurance") cited Plaintiff Anthony Reed ("Reed") for obstructing a bison herding operation outside of Yellowstone National Park ("the Park"). Reed is a volunteer with the Buffalo Field Campaign ("Campaign"), a § 501(c)(3) non-profit conservation organization that sends volunteers to observe and document the herding or "hazing" of bison in or near the Park. *Reed v. Lieurance*, 863 F.3d 1196, 1201 (9th Cir. 2017). Reed brought this action pursuant to 42 U.S.C. § 1983, alleging that Deputy Lieurance's conduct violated his First and Fourth Amendment rights and related Montana

-1-

constitutional rights, and that Gallatin County, the Gallatin County Sheriff's Office, and Sheriff Brian Gootkin failed to train officers on Montana's obstruction statute and the First and Fourth Amendments. (Doc. 1.)

Trial is set for February 20, 2018. (Doc. 141.) Both parties have filed motions in limine. (*See* Docs. 159, 161.) Those motions are granted-in-part and denied-in-part as discussed below.

## I. Reed's Motions in Limine (Doc. 159)

Reed first seeks to bar the defendants from presenting evidence at trial regarding Reed's criminal record other than the May 23, 2012 incident at issue. That motion is **GRANTED**, subject to Reed himself "opening the door." *See* Fed. R. Evid. 608(a), 609, 403.

Reed further asks the defendants be precluded from submitting undisclosed expert testimony at trial. The defendants did not respond to this request. *Cf.* L.R. 7.1(d)(1)(B)(ii) (deeming the failure to file a response brief as an indication that the motion is well-taken). That motion is **GRANTED**. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Reed also asks that the defendants be precluded from presenting or soliciting any evidence or representations during trial of crimes, wrongs, or other bad acts by individuals that may have scared horses, bison, or riders during haze

operations in the past. That motion is **DENIED** insofar as such evidence is relevant to establishing Reed's intent and Deputy Lieurance's knowledge of that intent under the Montana obstruction statute. Fed. R. Evid. 404(b)(2); *see Reed*, 863 F.3d at 1206. Reed may renew his objection at trial. *See* Fed. R. Evid. 103(b).

Reed further requests that the defendants not be allowed to present any evidence at trial regarding training that occurred prior to September 18, 2006 or after May 23, 2012. That motion is **DENIED** subject to renewal at trial. *See* Fed. R. Evid. 103(b); *Cech v. State*, 604 P.2d 97, 101-02 (Mont. 1979) (affirming admission of evidence of subsequent remedial measures as relevant to feasibility of remedy and possible impeachment).

Finally, Reed invokes Rule 615 of the Federal Rules of Evidence and asks that lay witnesses who are not parties be excluded from the courtroom during trial. The defendants did not oppose this request. *Cf.* L.R. 7.1(d)(1)(B)(ii). That motion is **GRANTED**. Additionally, counsel cannot disclose testimony or tell excluded witnesses about what happened in court other than in the ordinary preparation of witnesses. Counsel are also obligated to admonish witnesses not to blog, tweet, text, email, or communicate about the case or read any such items on the internet to prepare for testimony.

## II. The Defendants' Motions in Limine (Doc. 161)

The defendants seek to exclude any reference to insurance and settlement negotiations. Because Reed does not identify a situation in which such evidence may be properly admitted in the context of this case, those motions are **GRANTED**. *See* Fed. R. Evid. 408, 411.

The defendants also seek to prohibit Reed and his companion Kasi Craddock-Crocker from testifying where the bison hazing operation crossed Highway 191 on May 23, 2012. The defendants insist testimony on this point would be improper because Reed and Craddock-Crocker lack personal knowledge. *See* Fed. R. Evid. 602. The defendants' request is premature. As the defendant's own motion indicates, Reed has knowledge of where he believed the haze occurred, provided both by Tierney and relayed to him over the radio. (*See* Doc. 162 at 6-8.) The admissibility of particular statements will be addressed in the context of trial. The defendants' motion to exclude this testimony is **DENIED**, subject to renewal in the context of trial. *See* Fed. R. Evid. 103(b).

Finally, the defendants seek to exclude all evidence relating to the prior trial, the Ninth Circuit appeal, and the Ninth Circuit's decision on appeal. (Doc. 162 at 2-4.) Taking the opposite extreme, Reed insists that all factual decisions and legal issues are "the law of the case" and admissible as substantive evidence.

(Doc. 167 at 5-12.) The "evidence" at issue can be placed in three categories: (1) previous factual determinations, (2) previous legal determinations, and (3) previous evidentiary rulings. As to the first, Reed is correct that those matters "disposed of by [the Ninth Circuit's] decree" binds this Court. *Visciotti v. Martel*, 862 F.3d 749, 763 (9th Cir. 2016). However, the crux of the Ninth Circuit's decision on appeal is that factual disputes warrant a determination of the substantive matters by a jury. *See Reed*, 863 F.3d at 1206-07, 1211-12 (outlining the myriad factual conclusions a jury *could* draw as to the constitutional violations alleged). Because the Ninth Circuit did not definitively find these facts, the very premise of Reed's argument fails. Use of the existing factual record and testimony is limited to impeachment and the rules governing the admission of prior inconsistent statements. *See* Fed. R. Evid. 801(d)(1)(A). To the extent Reed attempts to argue Rule 801(d)(1)(A) opens the door to any and all prior testimony, that argument is foreclosed by the very language of the rule which requires an inconsistency before the prior statement can be introduced.

As to the second, Reed once again correctly identifies this Court's obligation to follow the legal conclusions of the Ninth Circuit. *Viscotti*, 862 F.3d at 763. The Court intends to do so. However, these legal conclusions, like their factual cousins, may be cabined by the procedural posture in which they were

made. Insofar as Reed plans to pursue certain jury instructions based on appellate decisions in this case, those specific arguments will be addressed in the context of settling jury instructions.

As to the third, the parties dispute the admissibility of pretrial and appellate rulings in this case. Although those rulings have governed and will continue to govern the adjudication of this matter, neither the rulings themselves nor the context in which they were made is relevant to the disposition of this matter. Accordingly, the parties shall not reference the previous rulings, trial, or appeal of this case. If necessary, prior proceedings in the case shall be referred to as just that, a "prior proceeding." Accordingly, the defendants' motion is **GRANTED** to the extent outlined above. Further specific objections must be raised at trial.

**IT IS SO ORDERED.**

DATED this 21st day of December, 2017.

Donald W. Molloy, District Judge
United States District Court